**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:25-CV-00177-HBB**

**TIMOTHY T.**[1] **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

# MEMORANDUM OPINION AND ORDER

## I. BACKGROUND

Before the Court is the Complaint (DN 1) of Timothy T. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 13 ) and Defendant (DN 15) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered February 2, 2026 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted. No such request was filed.

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II. FINDINGS OF FACT

On September 22, 2022, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (Tr. 30, 243-54). Plaintiff alleged that he became disabled on December 11, 2020, as a result of epileptic seizures, bulging disc back, arthritis in back, lumbar degenerative disc disease, poor sleep, neuropathy bilateral legs, back pain, problems standing due to back pain, anxiety, depression, panic attacks, and being illiterate (Tr. 30, 121, 132, 143, 153). The application was denied initially on April 25, 2023, and upon reconsideration on August 10, 2023 (Tr. 30, 179-98, 201-15). On October 2, 2023, Plaintiff filed a written request for hearing (Tr. 30, 216).

On March 28, 2024, Administrative Law Judge Lori S. Grayson ("ALJ Grayson") conducted a telephonic hearing (Tr. 30, 95-96). Plaintiff and his counsel, Mary Burchett Bower, participated (*Id.*). Barbara Holmes, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated August 9, 2024, ALJ Grayson evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 30-49). ALJ Grayson noted that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022 (Tr. 32). At step one, ALJ Grayson found Plaintiff has not engaged in substantial gainful activity since December 11, 2020, the alleged onset date (*Id.*). At the second step, ALJ Grayson determined that Plaintiff has the following severe impairments: seizure disorder, degenerative disc disease of the lumbar spine, anxiety, depression, sacroiliitis, obesity, peripheral neuropathy, and status post vagus nerve stimulator ("VNS") placement (Tr. 32-33). ALJ Grayson also determined that Plaintiff has the following non-severe impairments:

myopia, vitreous floaters, and astigmatism (Tr. 33). At the third step, ALJ Grayson concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 33-35).

At step four, ALJ Grayson found that Plaintiff has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he cannot operate motor vehicles or heavy equipment; he can never work around unprotected heights or work around dangerous moving, mechanical parts; he can concentrate, persist, and maintain pace to perform simple, routine, repetitive tasks; he can occasionally interact with supervisors, coworkers, and the general public (Tr. 35). Additionally, ALJ Grayson determined that Plaintiff has no past relevant work (Tr. 47).

ALJ Grayson proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 47-48). ALJ Grayson found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 48). Therefore, ALJ Grayson concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 11, 2020, through the date of the decision (*Id.*).

Plaintiff timely filed a request for the Appeals Council to review ALJ Grayson's decision (Tr. 241-42). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## III. CONCLUSIONS OF LAW

### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of ALJ Grayson's decision (Tr. 1-3). At that point, ALJ Grayson's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing ALJ Grayson's decision and the evidence that was in the administrative record when she rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

**B. <u>The Commissioner's Sequential Evaluation Process</u>**

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, ALJ Grayson denied Plaintiff's claim at the fifth step.

## C. Challenge to RFC Determination

### 1. *Consideration of Daily Activities*

Plaintiff identifies three reasons why ALJ Grayson's RFC determination is not supported by substantial evidence (DN 13 PageID # 990-95). First, Plaintiff asserts that ALJ Grayson's identification of his daily activities, which are sporadic in nature, does not support a finding that he is able to work on a sustained basis of five days a week, eight hours a day (*Id.* at PageID # 991) (Tr. 37) (citing *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524 (6th Cir. 1992)).

In response, Defendant explains that ALJ Grayson considered Plaintiff's daily activities in the limited context of assessing whether Plaintiff's allegations of debilitating physical impairments were consistent with the medical and other evidence in the record; not in assessing whether he could perform other work in the national economy (DN 15 PageID # 1073-74) (citing Tr. 37). For the reasons that follow, the Court agrees with Defendant and finds no merit to Plaintiff's first assertion.

The RFC finding is an ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). ALJs make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c). Thus, in making the RFC determination ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a), 416.1520c, 416.1529(a). The Sixth Circuit

has indicated courts should view an ALJ's decision as a whole when assessing challenges to a finding. *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014).

Here, ALJ Grayson explained that in making the RFC findings she considered all alleged symptoms and the extent to which those symptoms could reasonably be accepted as consistent with objective medical evidence and other evidence of record (Tr. 35-36) (citing 20 C.F.R. §§ 404.1529 and 416.929 and SSR 16-3p). ALJ Grayson indicated that she also considered the medical opinions and prior administrative medical findings of record (*Id.*) (citing 20 C.F.R. §§ 404.1520c and 416.920c).

In assessing a claimant's symptoms, ALJ Grayson recognized that she must follow a two-step process (Tr. 36). Specifically, the first step involves her determining whether there are underlying medically determinable physical or mental impairments that could reasonably be expected to produce the claimant's pain or other symptoms (*Id.*). ALJ Grayson observed that if the first step is satisfied, the second step requires her to assess the intensity and persistence of the alleged symptoms to ascertain the extent to which the symptoms limit the claimant's ability to perform work-related activities (*Id.*). Further, ALJ Grayson noted that when a claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by the objective medical evidence, she must consider other evidence of record to ascertain whether the claimant's symptoms limit his ability to do work-related activities (*Id.*). ALJ Grayson's description of the two-step process is consistent with applicable law (*Id.*). *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p, 2017 WL 4790249, at *49464-66 (Oct. 25, 2017); *see also Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In the paragraphs that follow, ALJ Grayson provided a thorough discussion of Plaintiff's allegations about the debilitating symptoms imposed by his physical impairments (Tr. 36-37). ALJ Grayson then addressed the first step in the two-step process for assessing Plaintiff's symptoms (Tr. 37). Specifically, ALJ Grayson found that Plaintiff's medically determinable physical impairments could reasonably be expected to cause his alleged symptoms (*Id.*). Concerning the second step, ALJ Grayson found that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent because the objective medical evidence, discussed in preceding and following paragraphs, does not fully support the character of his claimed symptoms (*Id.*). ALJ Grayson also pointed out Plaintiff's allegation that his physical impairments are debilitating is inconsistent with other evidence in the record (*Id.*). For example, the medical records indicate Plaintiff reported performing a wide range of activities that include working on cars (*Id.*) (citing Tr. 846-68, Ex. D21F; Tr. 882, Ex. D23F/7). Additionally, ALJ Grayson observed that the consultative mental status examination report indicates that Plaintiff reported performing a variety of activities at home which included "cleaning up around the house, sweeping, playing trivia on the tablet, watching television, caring for a few dogs as well as a cat, and mowing the lawn" (*Id.*) (citing Tr. 738, Ex. D15F/2). ALJ Grayson aptly observed that these activities suggest that Plaintiff is not as limited as his subjective allegations suggest (*Id.*).

ALJ Grayson's consideration of Plaintiff's daily activities for the purpose of assessing whether Plaintiff's allegations of debilitating physical impairments were consistent with the medical and other evidence in the record is supported by substantial evidence and complies with applicable law (*see* Tr. 35-47). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *7 (Oct. 25, 2017); *Warner v. Comm'r of*

*Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (finding ALJ appropriately considered claimant's daily activities in assessing his claim of disabling pain); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (noting that ALJ may consider household and social activities in assessing complaints of disabling pain)). Moreover, ALJ Grayson's discussion indicates the physical and mental limitations set forth in the RFC determination are the product of her consideration of the medical evidence, the medical opinions, and the prior administrative medical findings in the record as well as the RFC findings set forth in a prior ALJ's decision (*see* Tr. 33-47).

### 2. *Limiting Exposure to Fluorescent lighting*

Next, Plaintiff challenges ALJ Grayson's finding that nothing in the record supports the opinion of Melissa Smith, D.O., that Plaintiff should not be exposed to fluorescent lighting for prolonged periods (DN 13 PageID # 991-93). Plaintiff contends ALJ Grayson failed to give good reasons to reject Dr. Smith's limitation because the only activities ALJ Grayson relied upon did not constitute prolonged exposure to fluorescent light (*Id.*). Plaintiff asserts that ALJ Grayson did not consider that Dr. Smith expressed this fluorescent light restriction is a preventative measure based on Plaintiff's medical diagnosis (*Id.* at PageID # 992) (citing Tr. 890). Plaintiff also indicates that the physical therapist noted Plaintiff's voice began to change because of the overhead fluorescent lighting, necessitating his treatment in a room with the fluorescent lights turned off and a lamp being utilized to illuminate the room (*Id.* at PageID # 992-93) (citing Tr. 920).

In response, Defendant points out that ALJ Grayson did not reject Dr. Smith's fluorescent light limitation based solely on Plaintiff's exposure in other settings (DN 15 PageID # 1076-77) (citing Tr. 45). Defendant explains that ALJ Grayson also found there were no signs or laboratory

findings from an acceptable medical source that supported such a limitation (*Id.* at PageID # 1077) (citing Tr. 45). Defendant additionally observes that Dr. Smith did not define the term "prolonged period" in her opinion and that Plaintiff was able to handle fluorescent lighting at the emergency room for over an hour without any reported symptoms (*Id.*) (citing Tr. 819-21). Defendant asserts as ALJ Grayson considered the physical therapy record and found that it did not support the limitation (*Id.*) (Tr. 45). Defendant suggests that Plaintiff seeks to encourage the Court to reweigh the evidence, which is impermissible (*Id.*) (citing *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary.") (citation modified).

The regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[2] in the record, even if it comes from a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] Instead, ALJs will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[4] Of these five factors, the

---

2 At the initial and reconsideration levels, state agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). ALJs "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

3 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

4 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires ALJs to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The regulations provide the following descriptions:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

Plaintiff's treating neurologist, Dr. Smith issued a two-sentence letter dated January 31, 2024 (Tr. 890). In the first sentence, Dr. Smith announces that Plaintiff is under her care for his seizure disorder (*Id.*). Dr. Smith then opines that due to the nature of Plaintiff's medical diagnosis, "he is unable to operate a motor vehicle of any type, operate heavy or dangerous equipment, be exposed to fluorescent lighting for prolonged periods of time, nor be on ladders or heights above ground level for his safety" (*Id.*).

Plaintiff contends "[t]he ALJ fails to give good reason to reject the limitation for no prolonged exposure to fluorescent light" (DN 13 PageID # 993). The relevant part of ALJ Grayson's decision reads as follows:

> As for the limitations regarding exposure to fluorescent lighting for prolonged periods, the medical evidence record fails to support that the limitation is warranted. Notes from his October 8, 2019 physical therapy initial encounter merely note that the claimant had to be treated in a room with the fluorescent lights off, using a lamp because of seizures. His voice began to change because of overhead lights." (D26F/19). This mere observation of a change in his voice does not justify limiting the claimant's exposure to fluorescent light. The record does not include signs or laboratory findings from an acceptable medical source that support that limitation. There is nothing beyond the claimant's mere reporting and change in voice to justify that limitation or to support that any such limitation would be related to the nature of his seizure disorder. The Administrative Law Judge further notes that the claimant has been able to function in a variety of commercial settings with mixed lighting as the record documents that he has been able to seek emergency department care in a hospital setting, shop in stores per his Adult Function Reports at Exhibits D1E, attend medical appointments including in the setting of receiving steroid injections, undergoing diagnostic imaging, as well undergoing eye exams without any mention of significant problems with lighting (D6F; D21F-D22F). There is nothing in the record for the period of this decision [to] support limiting the claimant's exposure to fluorescent lighting for prolonged periods.

(Tr. 45).

The above paragraph explains how ALJ Grayson considered the supportability and consistency factors in determining the persuasiveness of Dr. Smith's opinion concerning fluorescent light exposure. Specifically, ALJ Grayson did not find the opinion supported by information in Dr. Smith's own treatment records, including the results of her objective testing. Further, ALJ Grayson observed that this limitation is not consistent with objective medical evidence from other medical sources in the record. In doing so, ALJ Grayson explained that Plaintiff's subjective statements and voice change, memorialized in physical therapy notes dated October 8, 2019, did not constitute objective medical evidence. Consequently, ALJ Grayson's finding concerning the persuasiveness of Dr. Smith's fluorescent light limitation is supported by substantial evidence in the record and complies with applicable law.

### 3. *Fresh Look*

Finally, Plaintiff argues ALJ Grayson's decision does not comply with the Sixth Circuit's holding in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018) because she fails to make clear she considered the prior RFC findings in the December 10, 2020, decision (DN 13 PageID # 993-95). Specifically, ALJ Grayson failed to consider the prior RFC findings concerning standing/walking, a sit/stand option, avoiding more than a moderate noise level, and avoiding work around bodies of water and bright lights (*Id.* at PageID # 994-95). Further, ALJ Grayson's decision fails to specifically address evidence of medical improvement as to the lumbar spine impairment (*Id.*).

In response, Defendant suggests that Plaintiff appears to argue ALJ Grayson's RFC finding is erroneous because she failed to adopt verbatim or explain why she was not adopting the prior ALJ's RFC finding (DN 15 PageID # 1079). Defendant points out that ALJ Grayson explained why she did not adopt the RFC finding in the December 10, 2020, decision (*Id.*). Defendant notes although ALJ Grayson cited *Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997), she complied with *Earley*, 893 F. at 933-34, because she gave a fresh look to the new application for the new period (*Id.* at PageID # 1079-81) (citing *Dennis D. v. Comm'r of Soc. Sec.*, No. 23-3667, 2024 WL 1193662, at *4-5 (6th Cir. Mar. 20, 2024)).

In *Drummond*, honoring principles of res judicata, the Sixth Circuit noted that "[j]ust as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner." 126 F.3d at 842. For this reason, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* Consequently, *Drummond* mandated in the

absence of "evidence that a claimant's condition has improved, findings issued by an ALJ as part of a prior disability determination are binding on an ALJ in a subsequent proceeding." *Id.*

Subsequently, the Social Security Administration issued an Acquiescence Ruling on *Drummond*:

> When adjudicating a subsequent disability claim with an adjudicated period under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim . . . unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or ruling affecting the finding or the method for arriving at the finding.

AR 98-4(6).

In *Earley*, the Sixth Circuit clarified the scope of *Drummond* by pointing out "that res judicata only applies to a claim if an applicant files a new application for the same period of disability that the Commissioner rejected in a prior decision." *Dennis D.*, 2024 WL 1193662, at *4 (citing *Earley*, 893 F.3d at 933). The Sixth Circuit explained that "*Drummond* did not intend for res judicata to foreclose the possibility of a claimant seeking review of a new application for a new period of disability." *Id.* Consequently, where disability is alleged for a subsequent period, an ALJ must give the new application a "fresh look" when it contains "new evidence or satisf[ies] a new regulatory threshold . . . while being mindful of past rulings and the record in prior proceedings." *Earley*, 893 F.3d at 931. The Sixth Circuit subsequently explained:

> This does not mean that an ALJ reviewing a second application must presume that a prior disability decision will prevail in the subsequent application. Rather, it is the responsibility of the ALJ reviewing the claim for the later unadjudicated period to determine how much weight to accord both the prior decision and any newly submitted evidence; this includes the effect of a new regulatory threshold, if applicable.

*Dennis D.*, 2024 WL 1193662, at *4.

On December 10, 2020, ALJ John R. Price ("ALJ Price") issued a decision addressing Plaintiff's applications for DIB and SSI that alleged disability beginning April 19, 2019 (DN 14-1 Supplemental Administrative Record, Tr. 984-93). ALJ Price concluded that Plaintiff had not been under a disability from April 19, 2019, through the date of the decision, December 10, 2020 (Tr. 993).

An unsuccessful outcome does not prevent an individual from again applying for benefits premised on a later disability-onset date. *Earley*, 893 F.3d at 932. Such applications start the process anew and potentially allow the applicant to obtain benefits for this new period of time. *Id.* Here, on September 22, 2022, Plaintiff again filed applications for DIB and SSI alleging his disability began on December 11, 2020 (Tr. 30, 243-54). The relevant portion of ALJ Grayson's decision reads as follows:

> Because there is a final, binding ALJ decision on the claimant's prior application, the undersigned is directed to apply the principles set forth in Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997), acq., Social Security Administration, AR 98-4(6); and Dennard v. Secretary of Health and Human Services, 907 F.2d 598 (6th Cir. 1990), acq., Social Security Administration, AR 98-3(6).
>
> Under those precedents, a prior ALJ's findings on issues required by the sequential evaluation process are controlling in a subsequent application by the same claimant under the same title of the Act, unless there is new and material evidence. New evidence is considered material if it differs from the evidence presented in the prior claim and warrants a different finding than that previously made. See AR 98-3(6) and AR 98-4(6).
>
> As discussed in detail [above], I find that the record contains new and material evidence that does justify a slight alteration of the prior ALJ's findings with respect to the claimant's severe impairments and residual functional capacity. For instance, the prior RFC does appear to be more limiting in terms of avoiding bright lights[,] bodies of water, and moderate levels of noise, but as discussed above there is no current medical evidence supporting these limitations. Moreover, the prior case gave a limitation to low-stress (which was not defined) setting with no fast-paced production rate demands or quotas. The prior RFC also stated he should

> avoid the general public. These mental limitations do not reflect the improvement in the claimant's mental health condition that has been detailed in the current medical evidence.

(Tr. 46-47). Plaintiff is correct, ALJ Grayson does not expressly acknowledge that ALJ Price's physical RFC finding included stand and walk for four hours total in an eight-hour workday, sit for six hours total in an eight-hour workday, and should have the option to sit or stand at thirty-minute intervals, taking a minute or two to change position (*compare* Tr. 46-47 *with* DN 14-1 Supplemental Transcript at Tr. 988). ALJ Grayson did, however, discuss Plaintiff's subjective statements, the medical evidence, the opinion of the consultative examiner, and the opinions of the state agency medical consultants concerning Plaintiff's hip, back, and obesity conditions (Tr. 36-46). Pursuant to the requirements of Social Security Ruling 19-2, ALJ Grayson considered the combined effect of Plaintiff's obesity and his other conditions and specifically found that Plaintiff is capable of standing and walking six hours in an eight-hour workday and sitting as required in light work (Tr. 44). Consequently, ALJ Grayson implicitly determined that the record contained new and material evidence that justified an alteration of the above-mentioned sitting and standing limitations in ALJ Price's physical RFC finding.

Clearly, ALJ Grayson gave the new applications a "fresh look" as they contain new evidence, while being mindful of ALJ Price's findings and the record in that prior proceeding. *Earley*, 893 F.3d at 931. Thus, contrary to Plaintiff's assertion, ALJ Grayson explained why she was not adopting ALJ Price's physical and mental RFC findings. Although ALJ Grayson cited *Drummond*, *Dennard*, AR 98-4(6), and AR 98-3(6), she complied with *Earley*, 893 F. at 933-34, because she gave a fresh look to the new application for the new period. *Dennis D.*, 2024 WL 1193662, at *4-5. Consequently, there is no merit to Plaintiff's claim.

**D. <u>Challenge to Finding No. 10</u>**

Having considered the testimony of the vocational expert along with Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy (Tr. 47-48, Finding No. 10). Plaintiff argues the vocational expert's testimony does not constitute substantial evidence to support Finding No. 10 because the ALJ's hypothetical question failed to include the need to avoid prolonged exposure to fluorescent light (DN 13 PageID # 995-97).

As explained in the preceding section, substantial evidence in the record supports ALJ Grayson's finding that the fluorescent light limitation is not persuasive. Therefore, ALJ Grayson did not err by omitting that limitation from the hypothetical question and the vocational expert's testimony in response provides substantial evidence to support Finding No. 10 (*see* Tr. 113-14).

## IV. CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly follows the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

## V. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

September 21, 2026

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel